IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL S. MORROW, # N72090, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00331-GPM |
| | ) |
| S.A. GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Paul S. Morrow, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against 24 prison officials and health care providers (16 of whom are named, and 8 who have yet to be identified). According to the complaint, Plaintiff was handcuffed and beaten by prison guards in October 2012, and subsequently denied medical treatment for his injuries. Plaintiff's efforts to lodge administrative grievances regarding those events were stifled because his grievances were either not delivered or were ignored—he does not know which because inquiries about whether his grievances were delivered have gone unanswered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Based on the allegations of the complaint (Doc. 1), the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Against Defendants C/O Aaron Hood, C/O Cheatham and unidentified others for using excessive force against Plaintiff, in violation of the Eighth Amendment;

**Count 2:** Against Defendants C/O Starkweather, C/O Davis, C/O Mayer, C/O Hepp, C/O Hoffman and unidentified others for failing to protect Plaintiff or otherwise intervene as Plaintiff was assaulted, in violation of the Eighth Amendment;

**Count 3:** Against Defendants Case Worker Greathouse, Nurse Aimee Lang, an unidentified optometrist and unidentified sick call nurses for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment;

**Count 4:** Against Defendants IDOC Director S.A. Godinez, Regional Deputy Director Ty J. Bates, Warden Michael Atchison, Warden Richard Harrington, Counselor Summers and an unidentified grievance officer, business office supervisor, records office supervisor, mailroom supervisor and clinical services supervisor; and

**Count 5:** Against all Defendants for denying Plaintiff his Fourteenth Amendment right to the equal protection of the laws by not reporting the assault committed against Plaintiff.

<u>Discussion</u>

<u>Count 1</u>

Accepting Plaintiff's allegations as true, the Court finds that Count 1 states a colorable Eighth Amendment claim regarding excessive force, so that claim shall proceed against C/O Aaron Hood, C/O Cheatham and unidentified others.

<u>Count 2</u>

Count 2, regarding the alleged failure to protect Plaintiff from assault states a viable Eighth Amendment claim as to Defendants Starkweather, Davis, Meyer and yet to be identified others. However, the allegations against C/O Hepp and C/O Hoffman, even if true, fail to state a plausible Eighth Amendment claim.

It is alleged that immediately after Plaintiff was assaulted by correctional officers, Plaintiff was moved to cell 624 by C/O Davis and an unidentified sergeant; he was then escorted to the health care unit by C/O Davis; he was later escorted to cell 420 by Defendant C/O Hepp. (Doc. 1, p. 11). Several days later, Plaintiff was moved to cell 238 by C/O Hepp and C/O Hoffman. (Doc. 1, pp. 11-12). Merely escorting Plaintiff from cell to cell is not a constitutional violation, and these events are not linked to the alleged assault, so there is no basis for concluding that Hepp and Hoffman failed to protect Plaintiff from harm. Therefore C/O Hepp and C/O Hoffman shall be dismissed from Count 2, without prejudice. Count 2 shall proceed only against C/O Starkweather, C/O Davis, C/O Mayer and unidentified others.

### Count 3

Count 3 states a colorable Eighth Amendment claim regarding deliberate indifference to Plaintiff's serious medical needs and shall proceed as to Case Worker Greathouse, Nurse Aimee Lang, an unidentified optometrist, and unidentified sick call nurses.

### Count 4

Count 4 asserts a Fourteenth Amendment claim regarding the handling of Plaintiff's grievances, letters and "legal mail" regarding the alleged assault, and the denial of medical care. This claim shall be dismissed in its entirety, without prejudice.

According to the complaint, Plaintiff wrote letters to IDOC Director Godinez and Regional Deputy Director Bates describing the assault (Doc. 1, pp. 20-23), but he received no response. Plaintiff then wrote two grievances and sent them to Counselor Summers and Warden Atchison (who has since left Menard); no responses were received, although Summers later told Plaintiff the grievances were never received (Doc. 1, p. 13). Plaintiff wrote to the mailroom supervisor, records office supervisor, business office supervisor, and clinical services supervisor

in an effort to find out why he had not received a receipt for the legal postage used to mail his letters to Godinez and Bates (Doc. 1, pp. 12-13), and to try to locate his missing grievances (Doc. 1, p. 13)—all to no avail.  A subsequent grievance sent to Counselor Summers was deemed untimely and was returned to Plaintiff (Doc. 1, p. 14).

The allegations relative to Director Godinez, Regional Deputy Director Bates, Counselor Summers, Warden Atchison, and the unidentified grievance officer pertain solely to the grievance process.  Grievance procedures in a jail or prison are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).  The Court further notes that, relative to Director Godinez, Deputy Director Bates, and Warden Atchison, the *respondeat superior* doctrine is inapplicable to Section 1983 actions.  S*ee Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).  Therefore, the claim against Godinez, Bates, Summers, Atchison and the unidentified grievance officer must all be dismissed from Count 4, without prejudice.

Plaintiff also asserts this claim against Richard Harrington, the current warden of Menard, however the complaint does not describe any conduct by Warden Harrington.  A Section 1983 claim must be based on personal involvement.  *See Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009).  Additionally, as previously mentioned, the *respondeat superior* doctrine is inapplicable.  *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).  Accordingly, Warden Harrington must also be dismissed without prejudice.

Furthermore, Plaintiff has failed to state a Fourteenth Amendment claim against the mailroom supervisor, records office supervisor, business office supervisor, and clinical services supervisor. No constitutional right is implicated by the failure of these individuals to respond to Plaintiff's inquiries regarding his missing grievances and why he had not received a receipt for the legal postage used to mail his letters to Godinez and Bates. There are no allegations that these defendants personally had anything to do with the missing letters and grievances. Accordingly, these individuals must also be dismissed without prejudice.

**Count 5**

In Count 5, Plaintiff alleges that all defendants denied him the equal protection of the laws guaranteed under the Fourteenth Amendment by not reporting the crime committed against Plaintiff—presumably meaning the alleged assault.

The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A violation of equal protection can occur when a person is subjected to disparate treatment based on his membership in a "suspect class," such as race. *Srail v. Vill. of Lisle, Ill.,* 588 F.3d 940, 943 (7th Cir. 2009); *see also Martin v. Shawano–Gresham Sch. Dist.,* 295 F.3d 701, 712 (7th Cir. 2002). Conduct that irrationally targets an individual for discriminatory treatment may constitute a so-called "class of one" equal protection claim. *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). For a "class of one" equal protection claim, a plaintiff must allege: (1) that the defendant intentionally treated him differently from other similarly situated persons; and (2) "that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald v. Village of Winnetka,* 371 F.3d 992, 1001 (7th Cir. 2004). Moreover, a plaintiff must allege facts

showing that a similarly situated individual was treated differently. *See LaBella Winnetka, Inc. v. Village of Winnetka,* 628 F.3d 937, 942 (7th Cir. 2010) (affirming dismissal of an equal-protection claim on a motion to dismiss where the plaintiff did not "allege facts showing that it was similarly situated to any of the comparators.

As pleaded, this claim is merely a bald assertion with little or no factual underpinnings. Plaintiff does not even suggest the necessary comparators. Therefore, this claim shall be dismissed without prejudice.

**Disposition**

For the reasons stated, **IT IS ORDERED** that **COUNTS 4** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Accordingly, Defendants **GODINEZ**, **BATES**, **ATCHISON**, **HARRINGTON**, **SUMMERS**, **UNIDENTIFIED GRIEVANCE OFFICER, BUSINESS OFFICE SUPERVISOR, RECORDS OFFICE SUPERVISOR, MAILROOM SUPERVISOR** and **CLINICAL SERVICES SUPERVISOR** are all **DISMISSED** from this action, without prejudice.

**IT IS FURTHER ORDERED** that Defendants **HEPP** and **HOFFMAN** are **DISMISSED** from **COUNT 2** and from this action, without prejudice.

**IT IS FURTHER ORDERED** that the only claims remaining in this action are: **COUNT 1**, an Eighth Amendment claim regarding excessive force, against **C/O HOOD**, **C/O CHEATHAM** and **UNIDENTIFIED OTHERS**; **COUNT 2**, an Eighth Amendment failure to protect claim against Defendants **STARKWEATHER**, **DAVIS**, **MAYER** and **UNIDENTIFIED OTHERS**; and **COUNT 3**, an Eighth Amendment medical indifference claim against Defendants **GREATHOUSE**, **LANG**, an **UNIDENTIFIED OPTOMETRIST,** and unidentified **SICK CALL NURSES**.

The Clerk of Court shall prepare for Defendants **C/O HOOD**, **C/O CHEATHAM**, **STARKWEATHER**, **DAVIS**, **MAYER, GREATHOUSE** and **LANG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown/Unidentified/ John Doe Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 3, 2013

                                                          s/ *G. Patrick Murphy*
                                                         G. PATRICK MURPHY
                                                         United States District Judge