IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL S. MORROW, # N72090, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00331-GPM |
| | ) |
| S.A. GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Paul S. Morrow, currently incarcerated at Menard Correctional Center ("Menard"), brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against 24 prison officials and health care providers (16 of whom are named and 8 are yet to be identified). According to the complaint, Plaintiff was handcuffed and beaten by prison guards in October 2012, and subsequently denied medical treatment for his injuries. Plaintiff's efforts to lodge administrative grievances regarding those events were stifled because his grievances were either not delivered or were ignored—he does not know which because inquiries about whether his grievances were delivered have gone unanswered.

By Order dated May 3, 2013 (Doc. 7), the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, dismissing multiple defendants, but allowing the following claims to proceed:

COUNT 1: an Eighth Amendment claim regarding excessive force, against **C/O HOOD**, **C/O CHEATHAM** and **UNIDENTIFIED OTHERS**;

COUNT 2: an Eighth Amendment failure to protect claim against Defendants **STARKWEATHER**, **DAVIS**, **MAYER** and **UNIDENTIFIED OTHERS**; and

> **COUNT 3**: an Eighth Amendment medical indifference claim against Defendants **GREATHOUSE**, **LANG**, and an **UNIDENTIFIED OPTOMETRIST** and **SICK CALL NURSES**.

However, the Order neglected to address the fates of Defendants J. Lashbrook and C/O Phelps, which this Order shall now remedy.

**The Applicable Standard of Review**

Section 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id.* at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At

the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss all claims against Defendants Lashbrook and C/O Phelps, without prejudice.

**The Complaint**

According to the complaint, Plaintiff was assaulted on October 9, 2012, and then denied medical care. On October 31, 2012, Plaintiff was escorted to Internal Affairs by Defendant Lt. Lashbrook and another correctional officer. Plaintiff was shown pictures; Lashbrook asked several questions and then wrote a report. Defendant C/O Phelps photographed Plaintiff's injuries. Plaintiff has since requested a copy of the report and the photographs, to no avail. *See* Doc. 1, p. 12. This is the full extent of the allegations against Lashbrook and Phelps, and no specific claims are lodged against them.

As set forth in the Court's prior Order, based on the allegations of the complaint, the Court divided the *pro se* action into the following five counts for the sake of convenience:

**Count 1:** **Against Defendants C/O Aaron Hood, C/O Cheatham and unidentified others for using excessive force against Plaintiff, in violation of the Eighth Amendment;**

**Count 2:** **Against Defendants C/O Starkweather, C/O Davis, C/O Mayer, C/O Hepp, C/O Hoffman and unidentified others for failing to protect Plaintiff or otherwise intervene as Plaintiff was assaulted, in violation of the Eighth Amendment;**

**Count 3:** **Against Defendants Case Worker Greathouse, Nurse Aimee Lang, an unidentified optometrist and unidentified sick call nurses for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment;**

**Count 4:** **Against Defendants IDOC Director S.A. Godinez, Regional Deputy Director Ty J. Bates, Warden Michael Atchison,**

> **Warden Richard Harrington, Counselor Summers and an unidentified grievance officer, business office supervisor, records office supervisor, mailroom supervisor and clinical services supervisor for denying Plaintiff due process in violation of the Fourteenth Amendment; and**

**Count 5:** **Against all Defendants for denying Plaintiff his Fourteenth Amendment right to the equal protection of the laws by not reporting the assault committed against Plaintiff.**

The only Count that could conceivably apply to Lashbrook and Phelps is Count 5, in which Plaintiff alleges that <u>all</u> defendants denied him the equal protection of the laws guaranteed under the Fourteenth Amendment by not reporting the crime committed against Plaintiff— presumably meaning the alleged assault. Thus, this claim will be analyzed relative Lashbrook and Phelps.

The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A violation of equal protection can occur when a person is subjected to disparate treatment based on his membership in a "suspect class," such as race. *Srail v. Vill. of Lisle, Ill.,* 588 F.3d 940, 943 (7th Cir. 2009); *see also Martin v. Shawano–Gresham Sch. Dist.,* 295 F.3d 701, 712 (7th Cir. 2002). Conduct that irrationally targets an individual for discriminatory treatment may constitute a so-called "class of one" equal protection claim. *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). For a "class of one" equal protection claim, a plaintiff must allege: (1) that the defendant intentionally treated him differently from other similarly situated persons; and (2) "that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald v. Village of Winnetka,* 371 F.3d 992, 1001 (7th Cir. 2004). Moreover, a plaintiff must allege facts showing that a similarly situated individual was treated differently. *See LaBella Winnetka, Inc.*

*v. Village of Winnetka,* 628 F.3d 937, 942 (7th Cir. 2010) (affirming dismissal of an equal-protection claim on a motion to dismiss where the plaintiff did not "allege facts showing that it was similarly situated to any of the comparators).

As stated in Court's prior Order, this claim is merely a bald assertion with little or no factual underpinnings (Doc. 7). Plaintiff does not even suggest the necessary comparators. Furthermore, Lashbrook and Phelps' limited participation in the investigation of the assault does not suggest a constitutional violation, at least not as pleaded. Therefore, this claim shall be dismissed without prejudice.

**Disposition**

**IT IS THEREFORE ORDERED** that for the reasons stated, any and all claims—including Count 5—against Defendants **J. LASHBOOK and C/O PHELPS** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Accordingly, Defendants Defendants **J. LASHBOOK and C/O PHELPS** are **DISMISSED** from this action, without prejudice.

**IT IS SO ORDERED.**

DATED: May 8, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge