IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL S. MORROW, | ) |
|             Plaintiff, | ) |
| vs. | ) Case No. 13-CV- 331-NJR- DGW |
| AARON HOOD, JAMES CHEATHAM, SEAN STARKWEATHER, RYAN DAVIS, CLINT MAYER, MONICA GREATHOUSE, AIMEE LANG, and UNKNOWN DEFENDANTS, | ) |
|             Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 102), which recommends that the undersigned grant the Motion for Summary Judgment filed by Defendant Monica Greathouse (Doc. 74) and the Motion for Summary Judgment filed by Defendants Aaron Hood, James Cheatham, Sean Starkweather, Ryan Davis, Clint Mayer, and Aimee Lang (Doc. 77). The Report and Recommendation was entered on April 28, 2015, and Plaintiff filed a timely objection[1] (Doc. 104). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation of Magistrate Judge Wilkerson, and dismisses this case without prejudice.

---

[1] Plaintiff's Objections to Report and Recommendations [sic] (Doc. 104) was docketed on May 20, 2015 – five days after the deadline; however, the proof of service attached to the Objections indicates that it was mailed to the Court on May 10, 2015.

## BACKGROUND

On April 2, 2013, Plaintiff Paul S. Morrow, an inmate at the Shawnee Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights while he was incarcerated at Menard Correctional Center. Specifically, Plaintiff alleges that on October 9, 2012, a number of correctional officers, including Defendants Hood and Cheatham, handcuffed and beat him. Plaintiff asserts that Defendants Mayer, Starkweather, and Davis failed to protect him from the attack, while Defendants Lang and Greathouse failed to adequately treat his injuries. The following claims survived threshold review:

> Count 1: Excessive force claims against Defendants Hood, Cheatham, and unidentified others;
>
> Count 2: Failure to protect claim against Defendants Starkweather, Davis, Mayer, and unidentified others; and
>
> Count 3: Deliberate indifference claim against Defendants Greathouse, Lang, and unidentified optometrist, and an unidentified sick call nurse.

On October 31, 2014, Defendants Hood, Cheatham, Starkweather, Davis, Mayer, and Lang (the "IDOC Defendants") filed a motion for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 77). The IDOC Defendants rely on the affidavit of Debbie Knauer, Chairperson for the Administrative Review Board ("ARB"), to assert that Plaintiff only filed one grievance relevant to this lawsuit. According to IDOC Defendants, Plaintiff's grievance never received a decision on the merits because he submitted it to the ARB beyond the

allowable timeframe. In the grievance, dated November 14, 2012, Plaintiff complains of the incidents alleged in this lawsuit. Plaintiff signed and dated this grievance on November 14, 2012; however, there is no indication that Plaintiff submitted this grievance to either his counselor or the grievance officer for review. The ARB received the grievance on March 11, 2013, and refused to make a determination on the merits as Plaintiff submitted it beyond the timeframe allowed in Department Rule 504. On November 17, 2014, Plaintiff filed a timely response to the IDOC Defendants' Motion (Doc. 81).

On October 31, 2014, Defendant Greathouse also filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Doc. 74). Defendant Greathouse asserts that the grievance attached to Plaintiff's Complaint is insufficient to exhaust his administrative remedies as there is no evidence that the grievance was submitted for review prior to January 2013. Further, Defendant argues that the ARB did not receive the grievance until well beyond the applicable timeframe for review. On November 17, 2014, Plaintiff filed a timely response to Defendant Greathouse's Motion (Doc. 81).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Donald Wilkerson held an evidentiary hearing on Defendants' Motions on December 16, 2014. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 102). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the

administrative process.

## CONCLUSIONS OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies. Magistrate Judge Wilkerson examined the grievance filed by Plaintiff and found that, contrary to Plaintiff's assertions, it was not timely filed. Specifically, Magistrate Judge Wilkerson did not find Plaintiff's assertion that he submitted the grievance in November 2012 credible. Rather, Magistrate Judge Wilkerson determined that Plaintiff likely filed the grievance in January 2013, beyond the 60-day timeframe. Magistrate Judge Wilkerson concluded that the inconsistencies in Plaintiff's allegations regarding his attempts at exhaustion, coupled with the strong documentary evidence that Plaintiff did not submit this grievance until January 2013, supported a finding that Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure*

3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Plaintiff filed an objection to the Report and Recommendation reiterating the arguments made at the *Pavey* hearing and in his previous filings with the Court – mainly that he filed his grievance on November 14, 2012, within the applicable time frame (*See* Doc. 104). Plaintiff further asserts that he "attempted to exhaust his administrative remedies but prison officials did not respond to his first grievance filed on November 14, 2012, so he resubmitted the grievance in January 2013" (*Id.*).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). The Supreme Court has held that exhaustion of administrative remedies must be done "properly," because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006). Proper exhaustion requires that a prisoner must file complaints and appeals in the place, at the time, and in the manner that the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

That being said, a prisoner cannot be required to exhaust his administrative remedies if they are not "available" to him. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies become "unavailable" when prison officials fail to respond to a properly-filed inmate grievance or prevent a prisoner from exhausting

through affirmative misconduct, such as withholding necessary forms, destroying inmate submissions, or announcing additional steps not mandated by regulation or rule. *See Smith v. Buss*, 364 Fed. Appx. 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David,* 297 F.3d 646, 649-50 (7th Cir. 2002).

Here, although Plaintiff alleges that he submitted his grievance within the 60-day timeframe, Magistrate Judge Wilkerson did not find Plaintiff's assertions credible. At *Pavey* hearings, a court can make findings of fact and credibility assessments of witnesses. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Magistrate judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Clearly, Magistrate Judge Wilkerson has assessed the credibility of Plaintiff's statements and found them lacking. It is not the Court's business at this juncture to second-guess Magistrate Judge Wilkerson's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. The evidence supports the conclusion that Plaintiff did not submit his grievance until January 2013, beyond the 60-day allotted timeframe.

Furthermore, Plaintiff has not submitted sufficient evidence or argument that he was thwarted in his attempts to exhaust his administrative remedies. Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit. Thus, the case must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 102). Plaintiff's objections to the Report and Recommendation (Doc. 104) are **OVERRULED**, and Defendants' Motions for Summary Judgment on the issue of exhaustion (Docs. 74, 77) are **GRANTED**. This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

DATED: May 29, 2015

s/ _Nancy J. Rosenstengel___
**NANCY J. ROSENSTENGEL**
**United States District Judge**